**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Trevor C. Zeiler (SBN: 325543)
trevor.zeiler@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:  424.221.7400
Facsimile:   424.221.7499

Attorney for Plaintiff
EQUITABLE FINANCIAL LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>GEORGE BROCKHAM SR.,<br><br>    Defendant. | Case No: 2:25-cv-11762<br><br>**COMPLAINT** |

Plaintiff, Equitable Financial Life Insurance Company, f/k/a AXA Equitable Life Insurance Company ("Equitable"), by its attorneys, for its Complaint, alleges as follows:

**PARTIES**

1. Equitable is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York.

2. Defendant George Brockham Sr. ("George Sr.") is a resident of San Bernardino County, California.

**FACTUAL BACKGROUND**

**A. The Contract**

3. By application dated June 22, 2006, Madeleine Johnson ("Owner" or "Insured") applied for an Accumulator variable annuity contract, issued on June 26, 2006, as contract No. xxx xx1 714 with a face amount of $300,000 (the "Contract").

4. In the application, Owner designated her son, Jerry Brockham ("Jerry"), as the sole

beneficiary.

*A redacted copy of the Application for the Contract is attached hereto as **Exhibit A**.*

5.     Four (4) years later, on or near August 23, 2010, Equitable received a fax of a service request form signed by the Insured ("August 23rd Beneficiary Designation"), changing the designated sole beneficiary to George Brockham Jr. ("George Jr."). This was the only beneficiary change Equitable ever received for this Contract.

*A redacted copy of the August 23rd Beneficiary Designation is attached hereto as **Exhibit B**.*

6.     On February 20, 2016, Jerry sent correspondence to Equitable attaching Letters of Permanent Guardian and Conservator issued by the Yavapai County Superior Court, Arizona, dated February 2, 2016 ("February 2nd Letters") appointing Jerry as guardian and conservator for the Insured. The February 2nd Letters stated the following with regards to the Contract: "The guardian/conservator is additionally subject to the following restrictions: No additional invasion of principal in the AXA annuity other than current monthly distribution."

*A copy of the correspondence dated February 20, 2016 attaching the February 2nd Letters is attached hereto as **Exhibit C**.*

### B. Payment of the Death Benefits

7.     Upon information and belief, the Insured died on March 1, 2023. As a result of her death, the Contract death benefits in the amount of $398,963.01 ("Death Benefit") became due to the beneficiary. The Death Benefit was calculated pursuant to the terms of the Guaranteed Minimum Death Benefit Rider. (Ex. A, pp. 15, 17.)

8.     Jerry called Equitable to notify it of the Insured's death. Equitable sent a claim kit to Jerry.

9.     On March 23, 2023, Jerry called Equitable to clarify the beneficiary information of the Contract as he claimed to have paperwork showing himself as the sole beneficiary. An analyst for Equitable advised Jerry that he was not listed as the beneficiary and, for that reason, was unable to give him additional information. The analyst did not explicitly give the beneficiary information to Jerry, but at some point, Jerry mentioned that he received communications with his brother's name. Jerry's brother is George Sr. These communications

Jerry spoke of relating to the pending claim should have been addressed to George Jr. However, Jerry likely assumed "George Brockham" referred to George Sr. The analyst recommended that the beneficiary call Equitable to discuss.

10. On April 11, 2023, because Equitable did not have contact information for the beneficiary, Equitable sent a Claim Pending letter ("April 11th Claim Pending Letter") to Jerry, who was appointed Permanent Guardian and Conservator for the Insured. The April 11th claim letter was addressed to "George Brockham."

*A copy of the April 11th Claim Pending Letter is attached hereto as **Exhibit D**.*

11. On April 20, 2023, Equitable received a Claim Form for Death of Owner on Annuitant Driver Contracts ("April 20th Claim Form") from George Sr.

*A copy of the April 20th Claim Form is attached hereto as **Exhibit E.***

12. On May 24, 2023, Equitable paid $364,274.73—the Death Benefit minus federal tax withholding of $31,534.80—to George Sr. On June 3, 2023, George Sr. deposited the $364,274.73 check received from Equitable.

*A redacted copy of the May 24 check and check inquiry summary is attached hereto as **Exhibit F**.*

13. On or about July 7, 2025, George Jr. contacted Equitable and was advised that "George Brockham Jr." was the beneficiary under the Contract. At that point, Equitable discovered that it had incorrectly paid the Death Benefit to George Sr.

14. Equitable has agreed to pay the full amount of the Death Benefit to George Jr., upon receipt of claim paperwork.

15. On August 8, 2025, Equitable sent correspondence to George Sr. ("August 8th Letter") advising that the Death Benefit paid to him on May 24, 2023, was made in error and demanding the return of $364,274.73 (full amount of the Death Benefit paid to him, "Erroneous Payment") within 30 days.

*A copy of the August 8th Letter is attached hereto as **Exhibit G**.*

16. On August 25, 2025, Equitable received correspondence from George Sr. dated August 19, 2025 ("August 19th Letter") requesting copies of any documents that support

1  Equitable's position, among other things.

2  *A copy of the August 19th Letter is attached hereto as **Exhibit H**.*

3  17.  On September 23, 2025 ("September 10th Email"), Equitable emailed George
4  Sr. the August 23, 2010 Beneficiary Designation Form.

5  *A copy of the September 10th Email is attached hereto as **Exhibit I**.*

6  18.  To date, George Sr. has refused to return the Erroneous Payment, despite being in
7  possession of such monies.

## AS TO THE FIRST CAUSE OF ACTION- RESTITUTION BASED ON QUASI-CONTRACT OR UNJUST ENRICHMENT

10  19.  Equitable repeats and realleges all preceding paragraphs as if set forth fully herein.

11  20.  On May 24, 2023, Equitable conferred an erroneous benefit on George Sr. when it
12  issued a check payable to George Sr. in his individual capacity in the amount of $364,274.73,
13  representing a 100% share of the Death Benefit.

14  21.  George Sr. accepted these funds and deposited them into his personal account.

15  22.  Equitable has demanded that George Sr. return the Erroneous Payment to Equitable.

16  23.  Despite due demand, George Sr. has failed and refused to return the Erroneous
17  Payment to Equitable.

18  24.  Upon information and belief, George Sr. is still in possession of the Erroneous
19  Payment and has not materially changed his position as a result of the receipt of the Erroneous
20  Payment.

21  25.  By receiving the Erroneous Payment and failing to return the monies paid by
22  Equitable, George Sr. has been unjustly enriched in the amount of $364,274.73 at the expense of
23  Equitable.

24  26.  It would be inequitable to permit George Sr. to retain the $364,274.73 in light of the
25  fact that George Jr. was actually the beneficiary of those proceeds, and not George Sr., and, thus,
26  George Sr. was not entitled to those funds.

27  27.  There is no person who will be harmed as a result of George Sr.'s repayment of the
28  Erroneous Payment mistakenly distributed by Equitable.

28. In equity and good conscience, George Sr. should not retain the Erroneous Payment.

29. Equitable demands that George Sr. return the Erroneous Payment in the amount of $364,274.73 to Equitable.

**AS TO THE SECOND CAUSE OF ACTION-CONVERSION**

30. Equitable repeats and realleges all preceding paragraphs as if set forth fully herein.

31. Pursuant to the August 23rd Beneficiary Designation, the Owner designated George Jr. as the sole beneficiary to 100% of the Contract Death Benefit.

32. Upon the Owner's death, Equitable was obligated to pay George Jr. as the designated sole beneficiary pursuant to the August 23rd Beneficiary Designation.

33. By April 20th Claim Form, George Sr. erroneously asserted a claim to the Death Benefit.

34. On or about May 24, 2023, Equitable erroneously issued a check to George Sr. in the amount of $364,274.73, representing a 100% share of the Death Benefit owed to George Jr.

35. After Equitable discovered the Erroneous Payment, Equitable promptly informed George Sr. of the Erroneous Payment and requested that he return the Erroneous Payment to Equitable.

36. George Sr. failed to transfer the Erroneous Payment to Equitable and has willfully, intentionally, unconditionally, and without authority refused to return the Erroneous Payment to Equitable.

37. George Sr. has thereby interfered with Equitable's right of possession and wrongfully detained the funds. Accordingly, George Sr. has converted $364,274.73 for his own pecuniary gain to the detriment of Equitable.

38. As a direct and proximate result of George Sr.'s wrongful conduct, Equitable is entitled to recoupment of the Erroneous Payment in an amount to be determined at trial but in no event less than $364,274.73, plus applicable interest, attorneys' fees and costs of this action to recover the Erroneous Payment.

**AS TO THE THIRD CAUSE OF ACTION-MONEY HAD AND RECEIVED**

39. Equitable repeats and realleges all preceding paragraphs as if set forth fully herein.

40. On or about May 24, 2023, George Sr. erroneously received 100% of the Death Benefit in the amount of $364,274.73.

41. Since depositing the Erroneous Payment into his personal account on or around June 3, 2023, George Sr. has benefitted from the $364,274.73 received for his own personal gain.

42. Upon information and belief, George Sr. is still in possession of the Erroneous Payment.

43. Under the principles of equity and good conscience, George Sr. should not be permitted to keep the Erroneous Payment.

44. Equitable demands that George Sr. return the Erroneous Payment in the amount of $364,274.73 to Equitable.

WHEREFORE, Equitable prays that the Court enter judgment:

(a) On the first cause of action against George Sr., that the Court enter judgment against George Sr. in the amount of $364,274.73, together with prejudgment and other applicable interest in an amount to be determined at trial;

(b) On the second cause of action against George Sr., that the Court enter judgment against George Sr. in the amount of $364,274.73, together with prejudgment and other applicable interest in an amount to be determined at trial;

(c) On the third cause of action against George Sr., that the Court enter judgment against George Sr. in the amount of $364,274.73, together with prejudgment interest and other applicable interest in an amount to be determined at trial;

(d) Granting Equitable such other and further relief as the Court may deem just and proper including, without limitation, attorneys' fees, costs, and disbursements in this action.

Dated: December 11, 2025          Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:    */s/ Trevor C. Zeiler*
       Trevor C. Zeiler
       Attorney for Plaintiff
       EQUITABLE FINANCIAL LIFE INSURANCE COMPANY